UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARLIN GIOVANNI PICKENS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLFOUND BEHAVIORAL HEALTH HOSPITAL,<br><br>　　　　　　　　Defendants. | Case No. C22-5815 BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's filing of a civil rights complaint. Plaintiff is proceeding *pro se*. Dkt. 1. Considering the deficiencies in the complaint discussed below, the undersigned will not rule on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") or direct service of the complaint at this time. On or before December 23, 2022, plaintiff must show cause why this cause of action should not be dismissed.

## BACKGROUND

Plaintiff names Wellfound Behavioral Health Hospital and several nurses and staff of the hospital as defendants. Dkt. 1-1, at 9-11. He alleges that defendants violated his First, Fourth, Fifth, Eighth, Ninth and Thirteenth Amendment rights. *Id.* at 12. He also alleges that defendants defamed his character, breached a contract, threatened him "in

ORDER TO SHOW CAUSE - 1

the second degree", were negligent, falsely imprisoned him, and discriminated against him on the basis of his age, disability, gender, and ableism. *Id.*

Plaintiff went to the hospital on September 28, 2022, for an unknown reason. *Id.* at 13. He alleges that he was forced to urinate and provide blood samples. *Id.* He further alleges that he requested a peanut butter and jelly sandwich in between meals but was denied this request by the hospital staff. He states that defendants didn't allow plaintiff to have his phone and exercised their "power of control." *Id.* at 48. Plaintiff seeks $15 million from defendants in damages. *Id.*

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than

ORDER TO SHOW CAUSE - 2

"naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

In the proposed complaint, plaintiff alleges that several employees and the hospital violated his constitutional rights throughout his admission at the hospital. With respect to both defendants, generally private actors are not individuals who are acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991), and cannot be sued under Section 1983.

To determine whether there are circumstances that would allow the Court to find a private actor acted under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is "fairly attributable" to the state. *Price*, 939 F.2d at 707–08. Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private actor may be considered a governmental actor if the private actor conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (discussing and determining a hospital and its employees were not state actors).

Plaintiff has not alleged facts that would show defendants acted under color of state law. Thus, based on plaintiff's proposed complaint, plaintiff has not identified a proper defendant under Section 1983.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. Accordingly, plaintiff is ordered, on or before **December 23, 2022**, to show

1  cause as to why this Court should not recommend the complaint be dismissed without
2  prejudice, or plaintiff may file a proposed amended complaint that rectifies the
3  deficiencies. If plaintiff fails to timely respond to this Order to Show Cause, or fails to file
4  a proposed amended complaint, the undersigned will recommend that plaintiff's IFP
5  application be denied.

       Dated this 2nd day of December, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4